## Chicago & Alton Railroad Company v. S. A. Wightman, administrator.

1. JURY—*when, should pass on case.* Where the evidence is conflicting upon the material issues, it is proper that the jury should pass on the cause.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

CHARLES E. WISE, for appellant; F. S. WINSTON, of counsel.

TRAVOUS, WARNOCK & BURROUGHS, for appellee; D. E. KEEFE, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit against appellant in the Circuit Court of Madison county, to recover damages for the alleged wrongful killing of his intestate William H. Wightman. There was a verdict and judgment for plaintiff, from which the defendant appealed.

On the morning of January 19, 1903, as appellee's intestate was driving a team of horses hitched to a wagon across the railway track of appellant at a highway or street crossing just outside the corporate limits of the village of Upper Alton, he was struck by the engine of a south-bound passenger train running at a high rate of speed and instantly killed. College avenue, the principal street of Upper Alton, runs east and west at the crossing mentioned and the railroad runs northwest and southeast. Appellee was driving on College avenue and came upon the crossing from the west. For several years prior to the injury appellant provided and maintained at this crossing an automatic bell signal by which to warn persons on College avenue of the approach of trains. At the time of the injury the signal apparatus was out of order and the alarm bell at the crossing did not ring as usual. Two days before,

appellant's section foreman observed that the crossing bell did not ring and at once notified the roadmaster, but no repairs were made until after the injury.

The declaration contains five counts. The negligence alleged is that the train was running at a high and dangerous rate of speed; that the whistle was not sounded or the bell rung eighty rods from the crossing; that a flagman or other means of warning was not maintained at the crossing; that the automatic alarm bell did not ring and that other warning was not given. Defendant pleaded the general issue.

The chief contention of appellant is that the verdict is not warranted by the evidence. There is evidence that this was a dangerous crossing; that in approaching it on the street or on the railroad, the view was more or less obstructed; that the train was running at a high rate of speed; that the signal required by the statute was not heard by persons in a position to hear; that the automatic alarm bell at the crossing was out of repair and did not ring, and that appellant was duly notified of this condition two days before the injury; that the automatic bell had been maintained and in use at this crossing for six or seven years; and that prior thereto for a like period appellant kept a flagman or watchman at this crossing; that appellee's intestate was a teamster, lived near this crossing for a long time, drove over it almost daily and must have known that fact. As appellee approached the crossing, when near to it, he was seen to look in the direction of the train. The material questions made by the pleadings, that is whether the appellant was guilty of the negligence alleged in the declaration, or whether appellee's intestate was guilty of contributory negligence, were questions of fact for the jury. In considering the question of negligence respecting the conduct of both the appellant and appellee's intestate, the facts and circumstances relating to the automatic alarm bell are highly important. It may well be presumed that both the engineer and the deceased, as they approached the crossing, assumed conditions of safety with respect to signal and

warning as they had known them for years. With the alarm bell in operation the engineer may have felt there was slight need for a lower speed or greater watchfulness on his part or that the statutory signals should be given. So with appellee's intestate, the alarm bell would be sufficient warning and the need to look and listen may have seemed to him less imperative. That the crossing was one requiring a watchman or a bell for the protection of the traveling public is evidenced by the fact that appellant had for years so provided. There was, to say the least, a contrariety of evidence bearing upon the material issues in the case, and it was for the jury and not the court, to determine the ultimate fact necessary to be found. We find no substantial error in the rulings of the trial court upon the evidence or in the giving or refusing of instructions. The judgment of the Circuit Court will be affirmed.

*Affirmed.*